UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY MCPHERSON,<br><br>              Plaintiff,<br><br>     v.<br><br>RAUL MORALES,<br><br>              Defendant. | No. 1:26-cv-03497-KES-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING ACTION AS FRIVOLOUS, DENYING IN FORMA PAUPERIS APPLICATION, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>Docs. 2, 9 |

Michael Bruce Anthony McPherson, a state prisoner proceeding pro se, seeks to proceed in forma pauperis in this action against Raul Morales, Warden at the California Substance Abuse Treatment Facility.  The magistrate judge screened the complaint pursuant to 28 U.S.C. § 1915A(a) and found that the complaint was frivolous and lacked an arguable basis in either law or fact.  Doc. 9 at 1-4.  The magistrate judge recommended the complaint be dismissed without leave to amend and McPherson's application to proceed in forma pauperis be denied.  *Id.* at 5.

McPherson filed objections to the findings and recommendations, challenging the magistrate judge's authority. Doc. 10.  McPherson asserts that he "filed a decline of a magistrate jurisdiction in this action." *Id.* at 1.  He contends the magistrate judge's involvement in this action "is frivolous and it's (sic) jurisdiction lacks a consent." *Id.* at 4.  McPherson argues the district judge has a duty to retain jurisdiction until the matter is completed to ensure that "justice is served." *Id.*  McPherson does not address the specific findings of the magistrate judge,

1

including the determination that McPherson's claims are frivolous. *See id.* at 1-4.

Contrary to McPherson's assertions, consent was not required for the magistrate judge to screen the complaint under 28 U.S.C. § 1915A. A magistrate judge is vested with authority "to hear and determine any pretrial matter pending before the court" except motions "for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. 636(b)(1). And as to dispositive matters, a magistrate judge may "submit to a judge of the court proposed findings of fact and recommendations" to the district judge *without* the parties' consent. 28 U.S.C. 636(b)(1)(B).

The magistrate judge did not act beyond the scope of her authority by issuing findings and recommendations for dismissal. *See* 28 U.S.C. 636(b)(1)(B); *Gallegos v. Cal. Dep't of Corr. & Rehab.,* 2023 WL 3168360, at *1 (E.D. Cal. Apr. 28, 2023) ("plaintiff's purported 'declination' to magistrate judge jurisdiction has no impact on the assigned magistrate judge's authority to issue findings and recommendations").

In accordance with 28 U.S.C. § 636(b)(1), the Court conducted a de novo review. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis. The Court ORDERS:

1.   The findings and recommendations issued on May 25, 2026 (Doc. 9) are ADOPTED in full.

2.   Plaintiff's complaint is DISMISSED without leave to amend.

3.   Plaintiff's application to proceed in forma pauperis (Doc. 2) is DENIED.

4.   The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   June 18, 2026

_____
UNITED STATES DISTRICT JUDGE

2